**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

—————————————

No. 97-3572

—————————————


Michael C. Liddell, a minor, by
Minnie Liddell, his mother and next
friend; Kendra Liddell, a minor,
by Minnie Liddell, her mother and next
friend; Minnie Liddell; Roderick D.
LeGrand, a minor, by Lois LeGrand,
his mother and next friend; Lois
LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and next
friend; Samuel Yarber; Earline Caldwell;
Lillie Caldwell; Gwendolyn Daniels.
National Association for the
Advancement of Colored People;
United States of America;

    Plaintiffs-Appellees;

City of St. Louis;

        Plaintiff;

     v.

The Board of Education of the City of
St. Louis; Hattie R. Jackson, President,
Board of Education of the City of St.
Louis; Rev. Earl E. Nance, Jr., a
member of the Board of Education of
the City of St. Louis; Renni B. Shuter,

* Appeal from the United States
District Court for the
Eastern District of
Missouri.

a member of the Board of Education; of the City of St. Louis; Paula V. Smith, a member of the Board of Education of the City of St. Louis; Dr. Albert D. Bender, Sr., a member of the Board of Education of the City of St. Louis; Eddie G. Davis, a member of the Board of Education of the City of St. Louis; Dr. John P. Mahoney, a member of the Board of Education of the City of St. Louis; Marybeth McBryan, a member of the Board of Education of the City of St. Louis; Thomas M. Nolan, a member of the Board of Education of the City of St. Louis; William Purdy, a member of the Board of Education of the City of St. Louis; Robbyn G. Wahby, a member of the Board of Education of the City of St. Louis; Madye Henson Whithead, a  member of the Board of Education of the City of St. Louis; Dr. Cleveland Hammonds, Jr., Superintendent of     Schools for the City of St. Louis;

     Defendants-Appellees;

Ronald Leggett, St. Louis Collector of Revenue;

       Defendant;

State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah (Jay) W. Nixon, Attorney General; Bob Holden, Treasurer; Richard  A. Hanson, Commissioner of Administration; Robert E. Bartman,

2

Commissioner of Education; Missouri
State Board of Education, and its
members; Thomas R. Davis;
Sharon M. Williams; Peter F.
Herschend; Jacqueline D. Wellington;
Betty E. Preston; Russell V. Thompson;
Rice Pete Burns; William Kahn;

        Defendants-Appellants;

Special School District of St. Louis
County; Affton Board of Education;
Bayless Board of Education; Brentwood
Board of Education; Clayton Board of
Education; Ferguson-Florissant Board
of Education; Hancock Place Board of
Education; Hazelwood Board of
Education; Jennings Board of Education;
Kirkwood Board of Education; LaDue
Board of Education; Lindbergh Board of
Education; Maplewood-Richmond
Heights Board of Education; Mehlville
Board of Education; Normandy Board
of Education; Parkway Board of
Education; Pattonville Board of Educa-
tion; Ritenour Board of Education;
Riverview Gardens Board of Education;
Rockwood Board of Education;
University City Board of Education;
Valley Park Board of Education;
Webster Groves Board of Education;
Wellston Board of Education;

        Defendants-Appellees;

3

St. Louis County; Buzz Westfall, County
Executive; James Baker, Director of
Administration, St. Louis County,
Missouri; Robert H. Peterson, Collector
of St. Louis County "Contract Account,"
St. Louis County, Missouri; The St.
Louis Career Education District;
                                    *
            Defendants; *
                                    *
St. Louis Teachers' Union, Local 420,
AFT, AFL-CIO;                  *
                                    *
       Intervenor Below.   *

_____

Submitted: February 25, 1998

Filed: April 28, 1998

_____

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

HEANEY, Circuit Judge.

The State of Missouri (State) appeals from the district court's July 22, 1997 order requiring the State to pay the Special School District (SSD) the costs of providing special education services to city voluntary interdistrict transfer students between 1985 and 1996, and ordering the parties to resolve by September 19, 1997, any differences regarding the method for calculating the amounts due. We affirm in part, and reverse and remand in part.

In September 1983, the SSD, the Board of Education of the City of St. Louis (City Board), the United States, and the Liddell and Caldwell plaintiffs, entered into an agreement and submitted a proposed plan to settle claims relating to special education services arising from the pending desegregation litigation. In 1985, following a fairness hearing, the district court approved the special education plan. The plan addressed, inter alia, education services for Phase I students--students with mild disabilities who receive itinerant and resource classroom special education services and who spend less than 50% of their instructional time in self-contained special education classes. Under the plan, the SSD was to provide necessary special education services to Phase I students who transfer to suburban school districts from the city under the voluntary interdistrict transfer plan. The plan required the State to reimburse the SSD for the per pupil costs of providing these services. In approving the plan, the district court ordered the State to pay the reasonable, actual unreimbursed costs of implementing the approved plan, including unreimbursed per pupil costs, certain administrative costs, and transportation. Additionally, the per pupil reimbursement was to be determined by averaging the costs directly attributable to Phase I students. In other words, the direct costs of the teacher, classroom rental, and direct supervisory time attributed to Phase I students would be charged to the State.

In March 1995, the SSD requested that the State reimburse it for $7,425,000 in costs for providing special education services to Phase I transfer students for the 1994-95 school year. The SSD indicated that in prior years, the SSD had chosen to forego State reimbursement for Phase I costs, but that, because of an increase in the number of voluntary transfer students being serviced by the SSD and its severe budget problems, the SSD was seeking reimbursement. The SSD also estimated that the State's obligations for the 1995-96 school year would be a similar amount. The district court did not rule on this request. In May 1996, the SSD supplemented its request to include costs for the school years from 1986 through 1996. Again, no action was taken.

In November 1996, the SSD filed a motion with the district court seeking State reimbursement for the school years from 1985-86 through 1996-97, or alternatively for release from the special education plan. The SSD indicated that it and the State had agreed on the methodology for calculating the costs for the 1994-95 school year, and the SSD sought an opportunity to reach an agreement with the State on the calculations for the other years. The State opposed the motion, arguing, inter alia, that the doctrines of waiver and laches barred the SSD's request for the years before 1994, and that the SSD's request for diagnostic, screening, and evaluation costs were not reimbursable.

The district court granted the SSD's motion for reimbursement. The court concluded that waiver or laches did not apply. Accordingly, the district court ordered the State to resolve its differences about the method for calculating the amounts due by September 19, 1997. SSD submitted its position statement showing an amount due of $27,113,177, and with interest, $39,976,542.

On appeal, the State reiterates its arguments that it is not obligated to continue funding because there is no interdistrict violation under Missouri v. Jenkins, 515 U.S. 70 (1995), unitary status has been achieved, and there are no longer victims of de jure violation. We reject the State's renewed objections to its general funding obligations for the reasons stated in Liddell v. Board of Education, 126 F.3d 1049, 1055-59 (8th Cir. 1997), cert. denied, 118 S. Ct. 1164 (1998). We decline to reconsider that decision.

We agree with the State and the City Board that the SSD's ten-year delay in seeking reimbursement and its 1994 declaration that it had previously chosen to forego reimbursement for Phase I costs before the 1994-95 school year constitutes an express waiver of its right to receive these costs before 1994. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (waiver is intentional relinquishment or abandonment of a known right). In addition, we conclude that the doctrine of laches also applies here to avoid

6

unfairness resulting from the prosecution of stale claims. <u>See</u> <u>Goodman v. McDonnell Douglas Corp.</u>, 606 F.2d 800, 805 (8th Cir. 1979), <u>cert. denied</u>, 446 U.S. 913 (1980). To prove laches, courts look to whether the delay in exercising a right is unreasonable and unexcused and whether the delay results in prejudice for the defendant. <u>See</u> <u>id.</u> at 804. We conclude that SSD has not adequately explained the ten-year delay in seeking reimbursement, and that the paucity of records hinders the State's ability to retroactively apply the complex reimbursement formula.

We also agree with the State that diagnostic, screening, and evaluation costs are not reimbursable under the special education plan. We understand from counsel at oral argument that these diagnostic costs for the school years beginning 1994-95 have been quantified, and that the parties have reached an agreement as to the methodology for computing other reimbursable costs for the years after 1994-95. We trust that the parties will come to a resolution of the amounts in issue without further court intervention. We note that the State is not obligated to pay interest on the reimbursable costs.

Accordingly, we reverse the district court's order requiring the State to pay the SSD for all reimbursable costs from 1986 through the 1993-94 school year, and remand for a determination of reimbursable costs under the special education plan, minus diagnostic, screening, and evaluation costs, beginning from the 1994-95 school year through the 1996-97 school year.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

7